IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE ZAPATA, | : | |
| Petitioner, | : | 1:19-cv-2208 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN QUEY, | : | |
| Respondent. | : | |

## **MEMORANDUM**

### **April 13, 2020**

Petitioner Jose Zapata ("Petitioner") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on December 26, 2019, challenging his sentence entered in the United States District Court for the Northern District of Texas on April 18, 1994, in the matter of *U.S.A. v. Zapata-Rodriguez, et al.*, 3:93-cr-00285-L-9, Doc. 515, https://ecf.txnd.uscourts.gov.

The Court has conducted preliminary review and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction. *See* R. GOVERNING § 2254 CASES R. 4, 1(b).[1]

---

[1] **Error! Main Document Only.** Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* R. Governing § 2254 Cases R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. *Id.* at R.1(b).

I.  BACKGROUND

On April 22, 1997, Petitioner filed his first motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Texas. *U.S.A. v. Zapata-Rodriguez, et al.*, 3:93-cr-00285-L-9, Doc. 515).[2] On June 12, 1998, the district court denied relief. Petitioner appealed. On July 28, 1999, the United States Court of Appeals for the Fifth Circuit denied his motion for a certificate of appealability. *U.S.A. v. Zapata*, 98-10819.[3]

On April 18, 2000, Petitioner filed a motion for relief from judgment arguing "that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 124 S.Ct. 2531 (2004) his sentence should be vacated because the court did not require the jury to make a finding as to specific weight of drugs involved in [his] criminal conviction." *U.S.A. v. Zapata-Rodriguez, et al.*, 3:93-cr-00285-L-9, Doc. 700; *see also*, Doc. 636. In denying the motion, the district court stated that "the Fifth Circuit has recently held that the Supreme Court decision in *United States v. Booker*, 125 S.Ct. 138 (2005), holding *Apprendi* applicable to the federal Sentencing Guidelines, does not apply retroactively on collateral review for purposes of a successive motion to vacate. *In re: Gerald W. Elwood*, 2005 WL

---

[2] https://ecf.txnd.uscourts.gov.
[3] https://jenie.ao.dcn/ca5-ecf.

976998 (5th Cir. 2005)." (*Id.* at Doc. 700).

On December 12, 2005, Petitioner filed yet another motion for relief from judgment arguing that the district court lacked subject matter jurisdiction because the indictment failed to specify the amount of drugs involved in the conspiracy. *Id.* at Docs. 715, 718. On April 11, 2006, the district court dismissed Petitioner's second motion pursuant to 28 U.S.C. § 2255 without prejudice to his right to seek certification by a three-judge panel of the court of appeals. *Id.* at Doc. 726.

On May 8, 2017, he filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). *Id.* at Doc. 787. The district court denied the motion on August 9, 2017. *Id.* at Doc. 789.

Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241 on December 26, 2019, asserting that he is actually innocent of violating 21 U.S.C. § 841(b)(1)(A) and arguing that "the district court commited [sic] plain error when it sentenced him based upon its finding regarding the quantity of drugs - - cocaine - - that carryed [sic] a statutory penalty of 841(b)(1)(A) – 10 to life because the indictment did not list a drug quantity, thus the jury did not made [sic] a finding of the element of an aggravated offense…" (Doc. 1-1, p. 4).

After he filed the instant petition, he moved in the sentencing court to reduce his sentence pursuant Section 404 of the First Step Act of 2018 ("the First Step

Act"). *U.S.A. v. Zapata-Rodriguez, et al.*, 3:93-cr-00285-L-9, Docs. 787, 795. The court denied the motion on February 13, 2020, finding that Petitioner was not convicted of an offense to which Section 404 applies. *Id.* at 797. Petitioner is currently pursuing an appeal in the United States Court of Appeals for the Fifth Circuit. (*Id.* at 798).

## II. DISCUSSION

Petitioner argues that the district court committed plain error when it sentenced him pursuant to 21 U.S.C. § 841(b)(1)(A) because the indictment did not list a drug quantity and the jury did not make a finding on drug quantity. Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 342 (1974)); *see In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). A petitioner may only resort to a § 2241 petition in the unusual situation where the remedy by motion under § 2255 would be inadequate or ineffective. *See* 28 U.S.C. § 2255; *see Dorsainvil*, 119 F.3d at 251-52.

"Our Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is

4

being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. [*United States v.*] *Tyler*, 732 F.3d [241] at 246 [(3d Cir. 2013)] (quoting *Dorsainvil*, 119 F.3d at 252). Petitioner has not alleged actual innocence based on a change in statutory interpretation by the Supreme Court, made retroactive in cases on collateral review. Second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." *Id.* Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *Dorsainvil*, 119 F.3d at 251." *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017). In 2005, when Petitioner filed a motion for relief from judgment based on his argument that the district court lacked subject matter jurisdiction because the indictment failed to specify the amount of drugs involved in the conspiracy, the district court denied relief without prejudice to his right to seek authorization from the court of appeals to file a second or successive § 2255 motion. Petitioner did not seek such authorization.

  The remedy afforded under § 2241 is not "inadequate or ineffective" merely

because the sentencing court has previously denied relief. *See id*. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002); *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000); *Dorsainvil*, 119 F.3d at 251).

The remedy is not an additional, alternative, or supplemental remedy to that prescribed under § 2255, and Petitioner fails to demonstrate that he falls within the exception initially recognized in *Dorsainvil*, 119 F.3d 245 and reaffirmed in *Bruce*, 868 F.3d 170 (2017). If a petitioner improperly challenges a federal conviction or sentence under § 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1154, 1165 (3d Cir. 1971). Hence, it is appropriate to dismiss the petition for lack of jurisdiction.

An appropriate Order will issue.

## III. CONCLUSION

For the reasons set forth above, the Court will dismiss the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

A separate Order will enter.